FILED'10 DEC 09 11:21 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN COULOMBE,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

CV-09-1129-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Social Security Disability benefits pursuant to 42 U.S.C. Section 423.

1 - FINDINGS & RECOMMENDATION

Defendant moves the court to remand for further proceedings to correct conceded errors in the ALJ's latest decision. Judge Marsh already remanded plaintiff's case once for further proceedings as the ALJ improperly handled plaintiff's testimony, lay testimony and medical opinions.

Plaintiff opposes a second remand for additional proceedings and seeks a remand for the calculation and immediate award of benefits.

As discussed below, defendant's arguments are not persuasive in this particular action. The District Court should exercise its discretion and remand this matter for the calculation and award of benefits.

## THE FIVE-STEP PROCESS AND ITS APPLICATION BY THE ALJ IN THIS CASE

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the thoracic spine and status post surgical spine fusion ; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to perform light work with occasional stooping, kneeling, crouching, or crawling, occasional ability to reach in all directions, and limited to structured duties which do not impose a high production pace ; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was not able to perform her past relevant work; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

At step five, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy, including work as a small product assembler, office helper, and photocopying machine operator; see § 416.920(a)(4)(v), 416.920(g).

## APPLICABLE LAW

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be

3 - FINDINGS & RECOMMENDATION

made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second. *See Harman*, 211 F.3d at 1178 n. 7.

In Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004), the Ninth Circuit Court of Appeals stated:

> We now clarify that in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate.

Benecke, 379 F.3d at 595.

As discussed below, the present case is one of the unusual cases, and, like in Benecke, "remanding for further administrative proceedings would serve no useful purpose and would unnecessarily extend [claimant's] long wait for benefits." See, id.

## DISCUSSION

Defendant concedes that the ALJ did not properly address plaintiff's testimony. Of significance and consistent with the medical opinions discussed below is plaintiff's testimony that: she is in excruciating pain unless she takes large amounts of pain medication; her pain is worsened by any kind of sustained activity; she can have back spasms all day long; on a bad day her pain is at a level of about 8 out of 10 and she is incapacitated; her medication causes drowsiness and constipation; she usually has about three bad days per week; and she must lie down and take medications to relieve her pain. Tr. 442-447.

Defendant also concedes that the ALJ improperly rejected the opinions of Dr. Russo, Dr. Morgan and Dr. Agsten. Dr. Russo opined that plaintiff might not ever be able to return to her job as a dental hygienist, that she might be able to handle 3 or 4 hours per week. Dr. Morgan, plaintiff's treating physician, opined that "there are few jobs that I can think of that would limit flexion of the thoracic spine and allow her to rest when needed, take medications when needed or be absent when needed." Tr. 416. Dr. Agsten opined that plaintiff's cervical and thoracic degenerative disease resulted in a permanent, complete inability to work. Tr. 564. All of the opinions were based on objective medical evidence.

Defendant also concedes the ALJ improperly rejected the lay testimony of Mr. Coulombe. Mr. Coulombe described plaintiff's debilitating conditions in detail and supported plaintiff's allegations that the conditions left her unable to sustain work at any job. His testimony was consistent with plaintiff's testimony and the medical opinions discussed above.

Under Harmon, supra, Smolen, supra, and Benecke, supra, the improperly rejected evidence set forth above should be credited, and, as it is clear from the record there are no outstanding issues that must be resolved, benefits should be directed. Unlike Benecke, where the vocational expert was not presented with certain specific limitations, and a remand for benefits was still ordered, the vocational expert in the present case was presented with the above limitations and testified that there were no qualifying jobs for a person with such limitations.

Defendant's arguments for a remand for further proceedings are not persuasive in the circumstances of this case. Even if the credit-as-true rule is not mandatory and its application has some flexibility as defendant argues, applying the rule is appropriate in the circumstances of this case. As stated in Benecke, "remanding for further administrative proceedings would serve no useful

5 - FINDINGS & RECOMMENDATION

purpose and would unnecessarily extend [claimant's] long wait for benefits." Benecke, 379 F.3d at 595. The ALJ has already had, not one, but two, opportunities to properly evaluate the evidence. As stated in Benecke,

> Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication....

379 F.3d 587, 595 (9th Cir. 2004). See also, Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity ... any more than Moisa, had he lost, should have an opportunity for remand for further proceedings ...").

For the reasons discussed above, the District Court should exercise its discretion to remand for the calculation and award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to remand for further proceedings should be denied. The Commissioner's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

DATED this 9 day of December, 2010.

Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS & RECOMMENDATION